UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> 469 WASHINGTON STREET, ) <br> WALPOLE, MASSACHUSETTS, ) <br> Defendant. ) <br> ) | **FILED EX PARTE AND UNDER SEAL** <br><br> Civil Action No. <br><br> **05cv11662 RWZ** |

**MOTION FOR EX-PARTE FINDING AND**
**ENDORSEMENT OF MEMORANDUM OF LIS PENDENS**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, moves for a finding that the above-captioned Verified Complaint for Forfeiture in Rem constitutes a claim of right to title to the real property located at 469 Washington Street, Walpole, Massachusetts, including all buildings, appurtenances, and improvements thereon (the "Defendant Property"), which is recorded at Book 21168, Page 232 in the Norfolk County Registry of Deeds, or the use and occupation thereof, and also moves for the endorsement of said finding on memorandum of lis pendens.

As grounds for this motion, the United States submits that the requested findings and endorsement of the memorandum of lis pendens are required under Massachusetts law regulating the recording and registration of memorandum of lis pendens. See

Allowed
Rya W Zobel
8/15/05

Mass. Gen. L. ch. 184 § 15. The endorsement will enable the United States to file the lis pendens in the appropriate registry of deeds office to give third parties notice of this pending action and of the government's forfeiture claim to the Defendant Property.

Massachusetts General Laws, Chapter 184, Section 15, requires that any notice of lis pendens recorded at the Registry of Deeds bear an endorsement by a justice of the court before which the action is pending, acknowledging that "the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon . . . ." Endorsement of a notice of lis pendens does not constitute a comment on the merits of the underlying case, i.e., whether probable cause exists. See Sutherland v. Aolean Development Corp., 399 Mass. 36, 40, 502 N.E.2d 528, 531 (1987). In Sutherland, the Supreme Judicial Court of Massachusetts held that the only issues involved in the endorsement process are "'what is the subject matter of the action,' and does it consist of a claim of right to title or use and occupation of real property." Id. at 40. It is not a finding of probable cause. A lis pendens does not purport to create a new right, interest or remedy in the litigant filing the memorandum of lis pendens. Debral Realty, Inc. v. DiChiara, 420 N.E.2d 343, 346 (Mass.

1981). It is merely a mechanism to put potential purchasers on notice of litigation concerning the property. Id. at 348.

The United States relies upon the Verified Complaint for Forfeiture in Rem filed this day. The Complaint seeks forfeiture of the Defendant Property described above, pursuant to Title 21, United States Code, Section 881(a)(7), as a result of violations of 21 U.S.C. §§841, 846, and/or 856. Consequently, this action constitutes a claim of right to title to the Defendant Property described above.

A proposed Lis Pendens is attached for consideration by the Court.

WHEREFORE, the government requests that this Court approve and endorse the proposed findings on the attached memorandum of lis pendens.

>
> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By: _____
> JENNIFER H. ZACKS
> Assistant U.S. Attorney
> Suite 9200
> 1 Courthouse Way
> Boston, MA 02210
> (617) 748-3100

Dated: 4/11/05