```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

```
UNITED STATES OF AMERICA,    )
              Plaintiff,     )
                             )    Civil Action No. 05-11662-RWZ
         v.                  )
                             )
469 WASHINGTON STREET,       )
WALPOLE, MASSACHUSETTS,      )
              Defendant.     )
_____)
                             )
PATRICE SMITH,               )
              Claimant.      )
_____)
```

**JOINT MOTION FOR STAY OF CIVIL FORFEITURE CASE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts and claimant Patrice Smith, by her attorney, Thomas J. Butters, hereby move for a stay of this civil forfeiture action pursuant to 18 U.S.C. §981(g), as proceeding with this civil forfeiture action at this time will adversely affect the prosecution of a related criminal case, <u>United States v Joyner et al.</u>, Docket No. 05-CR-10239-RCL.  As grounds for this motion, the parties state the following:

**BACKGROUND**

1.   On August 11, 2005, the United States filed a Verified Complaint for Forfeiture <u>in</u> <u>Rem</u> against 469 Washington Street, Walpole, Massachusetts ("469 Washington Street").  The Complaint alleged that 469 Washington Street is subject to civil forfeiture pursuant to 21 U.S.C. §881(a)(7), as it represents real property used, or intended to be used, in any manner or part, to commit, or

to facilitate the commission of, a violation of 21 U.S.C. §§841, 846, and/or 856, specifically alleging that Anthony Smith used 469 Washington Street to facilitate his drug trafficking activities.

2.   On August 15, 2005, after finding probable cause for forfeiture, this Court endorsed a Lis Pendens on 469 Washington Street which was recorded on August 29, 2005 at the Norfolk County Registry of Deeds, Book 22834, Page 396-401.  On or about November 28, 2005, Patrice Smith, by her attorneys, filed an Answer to the Verified Complaint, and, on November 29, 2005, she filed a Verified Statement of Interest to 469 Washington Street.

3.   On September 8, 2005, a sixteen-count Indictment was returned in this district, charging Anthony Smith and others (collectively "the Defendants") with Conspiracy to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §846 (Count One).[1]  The Indictment also included a forfeiture allegation stating that in the event of their conviction the Defendants would forfeit, pursuant to 21 U.S.C. §853, certain assets to the United States.  The assets named in the forfeiture allegation specifically included 469 Washington Street, the in Rem defendant in this civil forfeiture action.

4.   469 Washington Street was Anthony Smith's primary residence and he is believed by the United States to be the true

---

[1] The remaining counts of the Indictment did not name Anthony Smith.

owner. Title to 469 Washington Street is held in the name of Patrice Smith, the wife of Anthony Smith.

5. A federal search warrant for 469 Washington Street was issued in the criminal case on July 22, 2005. Pursuant to that federal search warrant, a number of items were found at 469 Washington Street, including $91,410.00 in U.S. Currency, a money counting machine and a digital scale.

6. 18 U.S.C. §981(g) provides for the stay of a civil forfeiture case pending the conclusion of a criminal investigation or case, stating: "Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." See <u>United States v. Cunan</u>, 156 F.3d 110, 117 (1st Cir. 1998) (stay of civil forfeiture proceeding is appropriate until the resolution of a related criminal case). Section 981(g)(4) defines a "related" criminal case or investigation as:

> an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

7.      As the statutory language suggests, where there is a related criminal proceeding, a stay of the civil forfeiture proceeding is often necessary to prevent civil discovery from interfering with the related criminal proceeding.  See All Funds Deposited in Account No. 200008524845, 162 F. Supp.2d at 1332-33 (granting stay of civil forfeiture proceeding under CAFRA, 18 U.S.C. §981(g)); United States v. One Single Family Residence Located at 2820 Taft Street, 710 F. Supp. 1351, 1352-53 (S.D. Fla. 1989) (stay of civil forfeiture proceeding granted under former 21 U.S.C. §881(I)); United States v. Premises and Real Property at 297 Hawley Street, 727 F. Supp. 90, 91 (W.D.N.Y. 1990) (stay of civil forfeiture proceeding granted under former 21 U.S.C. §881(I)).  Because of the broader scope of civil discovery, "[a] civil suit brought . . . in conjunction with a related criminal proceeding 'provide[s] improper opportunities for the claimant to discover the details of . . . [the] pending criminal prosecution.'" 297 Hawley Street, 727 F. Supp. at 91 (quoting United States v. $8,850 in United States Currency, 461 U.S. 555, 567 (1983)).  In fact, one of the primary reasons for Congressional enactment of the original statute providing for the stay of a civil forfeiture action was "to prevent a criminal defendant in such a situation from employing the expansive scope of civil discovery as a means of circumventing the limitations imposed upon discovery in criminal cases." 297 Hawley Street, 727 F. Supp. at 91 (citing S. Rep. No. 98-225, at 215-16

(1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3398-99).

8. Here, the pending criminal proceeding, <u>United States v Joyner et al.</u>, No. 05-CR-10239-RCL, arises out of the same facts and circumstances surrounding the instant civil forfeiture action. The claimant in this civil forfeiture action, Patrice Smith, is the wife of the Defendant, Anthony Smith, in the criminal action. The criminal action seeks the forfeiture of 469 Washington Street, alleging it was used to facilitate Anthony Smith's illegal drug trafficking and 469 Washington Street is also the <u>in Rem</u> defendant in this civil forfeiture action. Given the substantial overlap between the criminal and civil actions, allowing this civil forfeiture action to proceed at this time will adversely affect the ability of the Government to prosecute the related criminal case.

## **CONCLUSION**

Accordingly, the United States and claimant Patrice Smith respectfully request that the Court stay this civil forfeiture action, pursuant to 18 U.S.C. §981(g), pending completion of the related federal criminal proceeding, <u>United States v Joyner et al.</u>, 05-CR-10239-RCL.

A proposed Order is attached for the consideration of the Court.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

_____      By:__

/s/Thomas J. Butters/jhz           /s/Jennifer H. Zacks

THOMAS J. BUTTERS, ESQUIRE        JENNIFER H. ZACKS
Counsel for Patrice Smith          Assistant U.S. Attorney
Butters Brazilian LLP              1 Courthouse Way, Suite 9200
One Exeter Plaza                     Boston, MA 02210
Boston, MA 02116                    617-748-3109

Dated: December 12, 2005

```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>         Plaintiff,  )<br>                         )<br>    v.                  )<br>                         )<br>469 WASHINGTON STREET,     )<br>WALPOLE, MASSACHUSETTS,    )<br>         Defendant.    )<br>_____)<br>                         )<br>PATRICE SMITH,             )<br>         Claimant.     )<br>_____) | Civil Action No. 05-11662-RWZ |

### ORDER FOR STAY OF CIVIL FORFEITURE CASE

ZOBEL, D.J.:

    WHEREAS, the United States of America and Patrice Smith, by her attorney, Thomas J. Butters, have moved for a stay of this civil forfeiture action pursuant to 18 U.S.C. §981(g), on the ground that proceeding with this civil forfeiture action will adversely affect the prosecution of a related criminal case;

    AND WHEREAS, on August 11, 2005, the United States filed a Verified Complaint for Forfeiture in Rem against 469 Washington Street, Walpole, Massachusetts ("469 Washington Street"), alleging that 469 Washington Street is subject to forfeiture pursuant to 21 U.S.C. §881(a)(7), as it represents real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§841, 846, and/or 856;

    AND WHEREAS, on August 15, 2005, after finding probable cause for forfeiture, this Court endorsed a Lis Pendens on 469 Washington Street which was recorded on August 29, 2005 at the Norfolk County

Registry of Deeds, Book 22834, Page 396-401.  On or about November 28, 2005, Patrice Smith, by her attorneys, filed an Answer to the Verified Complaint, and on November 29, 2005, she filed a Verified Statement of Interest to 469 Washington Street;

AND WHEREAS, on September 8, 2005, a sixteen-count Indictment was returned in this district, in United States v. Joyner et al., 05-CR-10239-RCL, charging Anthony Smith and others (collectively "the Defendants") with Conspiracy to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §846 (Count One).[1]  The Indictment also included a forfeiture allegation stating that, in the event of their conviction, the Defendants would forfeit, pursuant to 21 U.S.C. §853, certain assets to the United States.  The assets named in the forfeiture allegation specifically included 469 Washington Street, the in Rem defendant in this civil forfeiture action;

AND WHEREAS, United States v. Joyner et al., 05-CR-10239-RCL, is based on the same facts and circumstances surrounding this civil forfeiture action, and is a related case within the meaning of 18 U.S.C. §981(g);

AND WHEREAS, a stay of this civil forfeiture action is necessary in order to prevent civil discovery from circumventing the limitations imposed upon discovery in the related federal criminal proceeding and avoid adversely affecting the related

---

[1] The remaining counts of the Indictment did not name Anthony Smith.

federal criminal proceeding.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The United States' and Patrice Smith's Joint Motion for Stay of this civil forfeiture case is allowed.

2. This civil forfeiture action shall be stayed, pending completion of criminal proceedings in <u>United States v. Joyner et al.</u>, 05-CR-10239-RCL.

DONE and ORDERED in Boston, Massachusetts this _____ day of December, 2005.

_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

3